**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000709
17-MAY-2013
09:20 AM**

NO. CAAP-11-0000709

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
GARY VAUGHAN, Defendant-Appellant
(FC-CR NO. 06-1-0456)

AND

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
GARY VAUGHAN, Defendant-Appellant
(FC-CR NO. 09-1-0448)

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Gary Vaughan ("Vaughan") appeals from the Judgment of Conviction and Sentence in FC-CR No. 06-1-456 ("Judgment 1") and the Judgment of Conviction and Sentence in FC-CR No. 09-1-448 ("Judgment 2"),[1] both filed on August 29, 2011, in the Circuit Court of the Third Circuit ("Circuit Court").[2]  In Judgment 1, Vaughan was convicted of two counts of sexual assault in the first degree pursuant to Hawaii Revised Statutes ("HRS") § 707-730(1)(c), eight counts of sexual assault in the third degree pursuant to HRS § 707-732(1)(b), and two counts of sexual assault in the third degree pursuant to HRS § 707-732(1)(c).  Vaughan was sentenced to five years imprisonment for each count of sexual assault in the third degree

---

[1]    Case numbers FC-CR 06-1-0456 and FC-CR 09-1-0448 were consolidated for trial.

[2]    The Honorable Glenn S. Hara presided.

and twenty years for both of the first-degree-sexual-assault counts, with the sentences on all counts to be served concurrently. In Judgment 2, Vaughan was convicted of six counts of sexual assault in the first degree pursuant to HRS § 707-732(1)(b) and three counts of attempted sexual assault in the first degree pursuant to HRS §§ 707-732(1)(b) and 705-500(1)(b). Vaughan was sentenced to serve twenty years in prison for each of the nine counts, with the sentences for Counts 1 through 4 to be served concurrently with each other, the sentences for Counts 5 through 8 to be served concurrently with each other, but the sentences for Counts 1 through 4 to be served consecutive to the sentences for Counts 5 through 8, and consecutively with the sentence for Count 9. The sentences imposed by Judgment 1 and Judgment 2 run concurrently.

On appeal, Vaughan contends that the Circuit Court erred in (1) denying Vaughan's challenge of juror AH ("Juror AH") for cause; (2) denying Vaughan's challenge of juror PE ("Juror PE") for cause; (3) denying Vaughan's challenge of prospective juror SS ("Juror SS") for cause; (4) denying Vaughan's request for additional peremptory challenges; and (5) denying Vaughan's challenge of juror IJ ("Juror IJ") for cause.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Vaughan's points of error as follows:

(1) Vaughan argues that the Circuit Court erred in passing Juror AH for cause because "she could not commit to be being [sic] fair and impartial in this case."

Appellate courts will set aside findings of impartiality only where prejudice is manifest. *State v. Graham*, 70 Haw. 627, 634, 780 P.2d 1103, 1107 (1989). A person with "preconceived notions about a case" can serve as a juror if he or she "can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Id.* (quoting *Irvin v. Dowd*, 366 U.S. 717, 723 (1961)) (citation and internal quotation marks omitted). A juror's inability to say with complete

certainty that he or she will be fair and impartial does not mandate removal for cause. *Accord Ellis v. State*, 736 S.E.2d 412, 420 (Ga. 2013). In *Graham*, for instance, the trial court passed a juror despite her statement that she had "serious doubts" that she could be fair because of her exposure to pretrial media publicity; the Supreme Court held that the defendant failed to show error as the juror also stated that she would try to base her decision on the evidence and would try to be fair to the defendant. 70 Haw. at 633-637, 780 P.2d at 1107-1109. And in *State v. Cardus*, 86 Hawaiʻi 426, 949 P.2d 1047 (App. 1998), this court held that the trial court did not abuse its discretion in denying the defendant's request to remove two jurors for cause where one expressed concern over the length of judicial proceedings but said that he would "do his best" and "try to be as fair and as impartial as he could be" and the other said that, despite her concerns that she might not be well-rested during trial, she would "do her best" and thought she could "do the job." 86 Hawaiʻi at 438, 949 P.2d at 1059 (internal brackets and quotation marks omitted).

Here, the Circuit Court did not err in passing Juror AH for cause. Although Juror AH stated that she was generally angered by the thought that any adult could hurt a child and generally thought of children as being "so honest and so trusting," Juror AH said that she "can say honestly that [she] would try to" not let her personal feelings interfere with her decision-making and "can honestly say [she] thinks [she] can try to" set aside her feelings and biases with respect to her belief that children tend to be truthful. Juror AH further stated that she thought that she could wait until she heard the evidence to decide "what is believable or not." Thus, although Juror AH could not guarantee that her emotions would not affect her, the Circuit Court did not abuse its discretion in refusing to excuse her for cause.

(2) Vaughan argues that the Circuit Court erred in passing Juror PE for cause because Juror PE had been sexually assaulted. Vaughan contends that pursuant to *State v. Larue*, 68

Haw. 575, 722 P.2d 1039 (1986), and examining Juror PE's situation objectively, Juror PE should have been excused for cause.

Larue is not on point. In Larue, the primary issue was the reliability of three minor complaining witnesses who claimed to have been sexually molested by the defendant. 68 Haw. at 576, 722 P.2d at 1041. During deliberations, the foreperson told the jury that when she was three years old, she remembered being touched inappropriately by her uncle, although she did not reveal this fact during voir dire. Id. at 576-78, 722 P.2d at 1041-42. The foreperson related her experience to the jury in the context of whether one of the complaining witnesses could remember what happened to her. Id. at 577, 722 P.2d at 1041-42. The Supreme Court held that the foreperson was "vouching for, and attempting to secure the acceptance by the jury of, the reliability of the statements of the minor complainants as to their sexual molestation by appellant, based not upon evidence in the record, or their appearance on the stand, but upon her own similar personal experience and recollection thereof." Id. at 578, 722 P.2d at 1042. The Court stated that if the foreperson had revealed her experience during voir dire, "there can be no question that she would have been subject to a challenge for cause, because it is clear that, given the central issue of reliability of the children's statements in this case, a person with such an experience and recollection thereof cannot, no matter how hard they try, really be an impartial juror." Id.

Juror PE, however, was eighteen years old when she was attacked, not a young child. Juror PE's ordeal – she was violently attacked by a stranger when she was a young adult – is different from that of the children in this case, who were sexually assaulted by their stepfather when they were still children. Because of this difference, Juror PE's specific experience would not appear to give her substantial insight into the memory and psychology of child victims of sexual abuse. Contrary to Vaughan's contention, Larue does not stand for the proposition that victims of sexual assault, no matter how

different their own experiences were from those to be revealed at trial, cannot serve as fair and impartial jurors in sexual-assault cases involving minors.

Vaughan fails to show that the Circuit Court abused its discretion in passing Juror PE for cause. The record shows that despite the horrific nature of her sexual assault, Juror PE handled her situation with strength and resolve. As the Circuit Court found, she went on to be a nurse who was capable of separating her emotions and feelings from what duty required of her. Juror PE stated that while a sexual-assault case might make her feel "slightly uncomfortable," she believed she could be an impartial juror. Vaughan fails to show an abuse of discretion.

(3) Vaughan argues that the Circuit Court erred in passing Juror SS for cause because she had a "personal relationship with deputy prosecuting attorney Kagami [("DPA Kagami")] and his wife" and because she thought DPA Kagami was a "'nice guy.'" Citing *State v. Kauhi*, 86 Hawai'i 195, 948 P.2d 1036 (1997), Vaughan argues that this relationship created an "appearance of impropriety and implied bias as a matter of law[.]"

In *Kauhi*, the defendant challenged a prospective juror because he was then currently employed as a deputy prosecuting attorney for the City and County of Honolulu, which was prosecuting the case against the defendant. 86 Hawai'i at 197-98, 948 P.2d at 1038-39. The trial court denied the challenge, finding that the prospective juror's responses demonstrated that he could be impartial. *Id.* at 198, 948 P.2d at 1039. The Supreme Court applied an appearance-of-impropriety standard to the case "where a prosecutor, currently in the employ of the same office of the very prosecutor who is trying the defendant, is called for jury service." *Id.* at 199, 948 P.2d at 1040. The Court cited to concurring and dissenting opinions of the United States Supreme Court in *Smith v. Phillips*, 455 U.S. 209 (1982), which discussed the possibility of implying bias in extreme circumstances, such as where a juror is an employee of the prosecuting agency, the juror is a close relative to a

participant at trial or the criminal transaction, or where the juror has some connection to the criminal transaction. *See id.* at 200, 948 P.2d at 1041. The *Kauhi* court ultimately held that a trial court must "imply bias as a matter of law and dismiss the prospective juror for cause" when the prospective juror is a prosecutor employed by the same office prosecuting the case at hand. *Id.*

Vaughan would stretch the implied-bias standard to cover prospective jurors who have had some degree of personal relationship with a prosecuting attorney or the attorney's spouse.[3] Such a situation, however, is not one where the probability of bias is so high that the prospective juror should be deemed biased as a matter of law. *Id.* Thus, *Kauhi* does not apply to bar Juror SS.

Vaughan fails to show that the Circuit Court abused its discretion in passing Juror SS for cause. Juror SS stated that she and DPA Kagami's wife were "probably little more than acquaintances," knowing her from work. She explained that while she had talked to DPA Kagami at some parties, she believed that an acquittal would not negatively affect her relationship with the Kagamis. Juror SS also stated that, in her job, she has to be neutral, look at all of the facts before she makes a decision, and that whether she knows someone personally or not does not influence whether she believes something is right or wrong.

---

[3]    At oral argument, the issue of Juror SS's professional connection to the prosecutor's office was raised for the first time. Juror SS stated that she was a probation officer and that, in that role, she had worked with the prosecutor's office on one or two probation revocation proceedings. As described, that work arrangement involved the probation officer filing a revocation report with the prosecutor's office and the prosecutor's office proceeding to court with the request. Juror SS specifically noted that she had never worked with DPA Kagami on a professional basis or discussed work with him.

At trial, however, Vaughan only challenged Juror SS on the grounds that she "socializes" with DPA Kagami, not on the basis that a probation officer was tainted by her relationship with the prosecuting attorney's office. Thus, any potential bias arising as a result of her professional relationship with the prosecutor's office was not raised below and is waived. *See State v. Moses*, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003). Furthermore, arguments cannot be raised for the first time at oral argument on appeal, and this issue was not raised in Vaughan's opening brief. This also constitutes waiver of the argument. *See Hana Ranch, Inc. v. Kaholo*, 2 Haw. App. 329, 332, 632 P.2d 293, 295 (1981).

Finally, Juror SS said that she felt she could be fair and impartial. Considering the context of the challenged social relationship, Vaughan fails to show that the Circuit Court abused its discretion in passing Juror SS for cause.

(4) Vaughan argues that he should have been granted additional peremptory challenges. Because Vaughan fails to show that Jurors AH, PE, or SS should have been excused for cause, Vaughan fails to show that the Circuit Court erred in granting him additional peremptory challenges. *See State v. Escobido-Ortiz*, 109 Hawai'i 359, 371, 126 P.3d 402, 414 (App. 2005) (no error in trial court denying additional peremptory challenge where there was no error in refusing to excuse the prospective juror for cause).

(5) Vaughan argues that the Circuit Court abused its discretion in refusing to excuse Juror IJ for cause because Juror IJ knew one of the three alleged victims, CW. Vaughan also argues that the trial court should have implied bias as a matter of law.

Vaughan fails to show that the Circuit Court abused its discretion in passing Juror IJ for cause because the record does not establish that Juror IJ was anything more than a casual acquaintance of CW. He did not know CW's name, only knowing him as "Red Bull." They had taken cooking classes but they had not talked about anything more than cooking and CW's participation in mixed martial arts. Juror IJ had seen CW outside of class, but CW was "just one of the people that was [sic] there." While Juror IJ's friend was friends with CW and trained with him, and Juror IJ said that CW never had given him a reason not to like him, Juror IJ said that he would be able to be fair and evaluate CW's testimony like any other witness. Furthermore, Juror IJ's relatively insignificant relationship with CW did not require the Circuit Court to imply bias. *See Kauhi*, 86 Hawai'i at 200, 948 P.2d at 1041. Therefore, Vaughan fails to establish that the Circuit Court abused its discretion or that the Circuit Court should have implied bias.

Therefore, the Judgment of Conviction and Sentence in FC-CR No. 06-1-456 and the Judgment of Conviction and Sentence in FC-CR No. 09-1-448, both filed on August 29, 2011 in the Circuit Court of the Third Circuit, are affirmed.

DATED:  Honolulu, Hawai'i, May 17, 2013.

Richard D. Gronna
(Keith S. Shigetomi
with him on the briefs)
for Defendant-Appellant.

Presiding Judge

Shannon M. Kagawa,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Associate Judge